[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15728
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00193-ODE-GGB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO OCHOA-TORRES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 24, 2013)

Before TJOFLAT, HULL and JORDAN, Circuit Judges.

PER CURIAM:

Mario Ochoa-Torres pled guilty to illegal re-entry into the United States

after having been previously removed subsequent to a conviction for an aggravated

felony, in violation of 8 U.S.C. § 1326(a) and (b)(2), and the District Court sentenced him to a prison term of 52 months. Though this term fell within the maximum sentence prescribed by statute, 20-years' imprisonment, and the applicable sentence range under the Sentencing Guidelines, 46 to 57 months, Ochoa-Torres appeals the sentence, arguing that it is substantively unreasonable, in that it is greater than necessary to serve the sentencing objectives set forth in 18 U.S.C. § 3553(a)(2). We disagree and accordingly affirm.

We evaluate the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007), taking into account the totality of the facts and circumstances relating to the offense and the offender. *United States v. Irey*, 612 F.3d 1160, 1189–90 (11th Cir. 2010) (en banc). The relevant inquiry is "whether the sentence . . . fails to achieve the purposes of sentencing as stated in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th 2005). The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to

2

avoid unwanted sentencing disparities; and (10) the need to provide
restitution to victims.

*Id.* at 786 (summarizing 18 U.S.C. § 3553(a)).  The weight given to each § 3553(a)

factor is "a matter committed to the sound discretion of the district court." *United*

*States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted).

Ochoa-Torres fails to show that the District Court imposed a substantively

unreasonable sentence.  The record reflects that the court considered and weighed

the § 3553(a) sentencing factors, including Ochoa-Torres's lengthy criminal

history, as well as his request for a sentence below the Guidelines sentence range.

AFFIRMED.